JOHNSON v. STATE. (1 Div. 254.)

(Court of Appeals of Alabama. April 17, 1917.)

1. CRIMINAL LAW ☞90(2)—JURISDICTION—JUSTICES OF THE PEACE—FELONIES.

Under Code 1907, § 6733, defining the jurisdiction of a justice of the peace, he, having no jurisdiction of a felony, cannot try a defendant for assault with intent to murder and convict of attempt to commit an assault.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 132.]

2. CRIMINAL LAW ☞90(2)—JURISDICTION—JUSTICES OF THE PEACE.

Jurisdiction of a justice of the peace is limited by Code 1907, § 6733, to the offenses named therein, and section 6311, permitting conviction of attempt to commit offenses charged in indictment, does not apply to justices of the peace.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 132.]

3. HABEAS CORPUS ☞28—RIGHT TO REMEDY.

Where a justice's judgment is absolutely void, habeas corpus is an appropriate remedy.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 23.]

Appeal from Probate Court, Washington County; Wallace P. Pruitt, Judge.

Habeas corpus by Ralph Johnson against the State. From order denying discharge, petitioner appeals. Reversed and remanded.

Granade & Granade, of Chatom, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. This appeal is from an order of the judge of probate of Washington county declining to discharge the petitioner, the appellant, on habeas corpus. His alleged right to a discharge was based upon the ground that the judgment of conviction under which he was restrained was void, in that the justice of the peace who rendered said judgment of conviction, upon which the defendant was sentenced, was without jurisdiction to try the petitioner for the offense as charged in the affidavit and warrant upon which the prosecution was based. The affidavit charged the defendant with the offense of assault with intent to murder one Tom Thomas, upon which affidavit the trial proceeded, and the evidence without conflict disclosed the fact that the defendant and Thomas had a dispute or quarrel, and that the defendant, who was working the road with a hoe, raised it in a striking position, and that Thomas at the same time presented a pistol at defendant. At no time was the defendant in striking position of Thomas; to the contrary, the testimony developed that he was not nearer at any time than 15 to 40 yards of Thomas, and that no licks were passed and no attempt to strike was made. The justice of the peace convicted the defendant under this affidavit and upon this testimony, of an "attempt to commit an assault," and imposed a fine upon him, in default of which he rendered judgment sentencing him to hard labor for the county.

[1] Section 6733 of the Code 1907 defines the jurisdiction of justices of the peace, and from said section it is clear that the justice of the peace in this instance had no jurisdiction to try the defendant and render judgment under this affidavit; and his action in so doing was without authority of law; and it follows that the judgment so rendered was null and void.

[2] Section 6311 of the Code of 1907 provides that upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such

offense, etc.; but this section is not applicable to a trial before a justice of the peace. Under the present law, the only jurisdiction of a justice of the peace is provided for in section 6733 of the Code, and all local or special laws in conflict with said section are expressly repealed. This section of the Code limits a justice of the peace to a trial only of the offenses enumerated therein, and it cannot be added to or taken from; and the action of the justice of the peace in assuming jurisdiction of an offense not comprehended in said section 6733, supra, is absolutely null and void, without authority of law; and a judgment rendered thereon is without force and effect.

[3] The judgment of conviction in this case upon which the petitioner was sentenced to hard labor for the county being void, the petitioner's restraint under it was illegal, and habeas corpus was an appropriate remedy to protect his right of liberty. Constitution Alabama 1901, § 17; Ex parte Dickens, 162 Ala. 277, 50 South. 218.

The order of the judge of probate denying the petitioner's discharge will be reversed and annulled, and the cause remanded, with the direction to discharge the defendant from custody under the void conviction, and that he be remanded to the proper custody, to be there held until discharged by due process of law.

Reversed and remanded.